UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AIRO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>    Defendant. | Case No. 3:23-cv-01373-JSC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds of ineffective assistance of counsel. (Dkt. 1 at 11.) Respondent answered the petition (Dkt. 11.) and petitioner filed a traverse. (Dkt. 13.) For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2018, a jury convicted Petitioner of continuous sexual abuse of a child under fourteen (Cal. Penal Code § 288.5(a)) and three counts of forcible lewd acts on a child (Cal. Penal Code § 288(b)(1)). (Dkt. 1 at 5.) Petitioner was sentenced to fifteen years in prison. (Dkt. 11 at 5.)

Petitioner appealed. (Dkt. 11 at 15.) The California Court of Appeals found trial counsel's performance to be "deficient," but affirmed Petitioner's judgment after concluding the deficiency was not "prejudicial." (*Id.* at 19.) The California Supreme Court denied review. (*Id.* at 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

This Court may entertain a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may "not be granted with respect to any claim that was adjudicated on the merits in State court" unless the State court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Williams v. Taylor*, 592 U.S. 362, 409. "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Nevada v. Jackson*, 569 U.S. 505, 508 (2013) (cleaned up).

## II.   DISCUSSION

Petitioner seeks federal habeas relief on the grounds he was denied his Sixth Amendment right to effective assistance of counsel. An ineffective assistance of counsel claim requires Petitioner establish (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) the "deficiencies in counsel's performance" were "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The prejudice prong requires Petitioner show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

"Establishing that a state court's application of *Strickland* was unreasonable" in the context of federal habeas review is "difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential"—making this court's review "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (cleaned up).

Petitioner alleges trial counsel was ineffective because of counsel's decision to call an expert witness at trial. (Dkt. 1 at 19.) Further, Petitioner asserts his counsel's deficient

performance was prejudicial. (*Id.* at 18). Respondent has conceded Petitioner's counsel was deficient. (Dkt. 11 at 22). Thus, the Court turns its attention to the prejudice prong of the ineffective assistance of counsel claim.

Given the highly deferential standard of review, Petitioner has failed to establish the California Appellate Court's decision was unreasonable. The California state court found "no reasonable likelihood that the result would have been different if only defendant's trial counsel had not presented" the expert testimony. (*Id.* at 20). The court noted the victim's testimony "was clear, detailed, and unequivocal." (*Id.* at 20). Moreover, "the defense offered no explanation for why [the victim] would have come forward years later and reported abuse that had not actually occurred." (*Id.*)

Petitioner argues the California state court decision was unreasonable because his "trial counsel put on expert testimony that served to prejudicially support the prosecution's position on a crucial, disputed point." (Dkt. 13 at 4.) However, Petitioner fails to explain how this testimony was prejudicial according to the *Strickland* standard. While the expert's testimony did not help Petitioner's case, Petitioner has not established how without that testimony there is a reasonable probability of a different outcome in his trial. Indeed, Petitioner fails to address any of the incriminating evidence the prosecution presented at trial—evidence that overwhelmingly corroborated the victim's story. Both the victim's mother and sister confirmed key aspects of the victim's account of abuse. (Dkt. 11 at 23). The victim's college therapist indicated the victim had told her about the abuse before the victim decided to report that abuse to law enforcement. (*Id.* at 24). Furthermore, Petitioner's own letters to the victim support the victim's version of events. (*Id.*). Given the amount of evidence supporting the victim's testimony, the California state court's determination that Petitioner did not suffer prejudice from his trial counsel's performance was not unreasonable.

### III. CERTIFICATE OF APPEALABILITY

Petitioner has failed to show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the above reasons, the petition for a writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: August 29, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge